UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY MEDVEDIS,

    Plaintiff,

v.                                                              Case No: 8:17-cv-1877-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff, Kimberly Medvedis, seeks judicial review of the denial of her claim for supplemental security income, a period of disability, and disability insurance. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**BACKGROUND**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability on July 11, 2014. (Tr. 172.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 136, 164–65.) Plaintiff then requested an administrative hearing. (Tr. 198.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 95–125.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 42–49.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–4.) Plaintiff then timely filed a

Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1971, claimed disability beginning on March 20, 2014. (Tr. 279.) Plaintiff has a high school education. (Tr. 292.) Plaintiff's past relevant work experience included work as an administrative assistant. (Tr. 282.) Plaintiff alleged disability due to Chiari malformation, syringomyelia, Ehlers Danlos syndrome, scoliosis, tethered cord syndrome, postural orthostatic tachycardia, obstructive sleep apnea, and asthma. (Tr. 291.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since March 20, 2014, the alleged onset date. (Tr. 44.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: Chiari malformation with prior cranioplasty and chronic headaches, levoscolisosis, syringomyelia, mild degenerative disc disease of the cervical and lumbar spine, Ehlers Danlos syndrome, obstructive sleep apnea, and obesity. (*Id*.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 46.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work "except that she is to avoid more than occasional kneeling, crouching, crawling, balancing, stooping or climbing of stairs or ramps" and "she is to avoid all climbing of ropes, ladders, or scaffolds or any exposure to unprotected heights, extremely loud noise, extreme industrial vibration, cold temperature, or dangerous machinery. (Tr. 47.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to

produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 48.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work. (Tr. 49.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (*Id*.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past

relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

# ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to properly assess Plaintiff's subjective complaints; and (2) the ALJ failed to properly evaluate the opinions of Plaintiff's treating physicians. For the reasons that follow, neither of these contentions warrant reversal.

### A.  Credibility Determination

Plaintiff contends that the ALJ's credibility finding was not proper. (Dkt. 20 at 6.) Specifically, Plaintiff argues that the ALJ mischaracterized the evidence regarding Plaintiff's subjective complaints of severe headaches, back pain, and numbness and tingling in her hands and feet. (*Id.*) At the hearing, Plaintiff testified that she has chronic pain in her head, neck, back, hands, wrists and legs, as well as numbness and tingling in her hands and feet. (Tr. 114–18.) She further testified that she cannot type, reach overhead, or carry a gallon of milk and experiences blurry vision and frequent headaches that last up to one week. (*Id.*)

In addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). A three-part "pain standard" applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A plaintiff must show: (1) objective medical evidence of an underlying medical condition and either (2) objective medical evidence that substantiates the severity of the pain from the condition or (3) that the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Id.*; *Wilson*, 284 F.3d at 1225.

An ALJ's determination of the credibility of a claimant's testimony regarding subjective pain is entitled to deference and a reviewing court will not disturb a clearly-articulated credibility finding with substantial supporting evidence in the record. *Foote v. Charter*, 67 F.3d 1553, 1562 (11th Cir. 1995). Thus, if an ALJ discredits a claimant's testimony, the ALJ must articulate, explicitly and adequately, reasons for not crediting the testimony. *Holt*, 921 F.2d at 1223–24. "Implicit in this rule is the requirement that such articulation of reasons . . . be supported by substantial evidence." *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005) (finding the ALJ's articulation of reasons for discrediting a claimant's testimony supported by substantial evidence because the ALJ considered the claimant's daily activities, frequency of symptoms, and types and dosages of medication). If an ALJ fails to adequately explain the reasons for discrediting a claimant's testimony, the testimony must be accepted as true as a matter of law. *Hale*, 831 F.2d at 1012.

When evaluating a claimant's subjective symptoms, the ALJ must consider factors such as the following: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. 20 C.F.R. § 404.1529(c)(3). The credibility determination does not need to use particular phrases or formulations. However, it cannot merely be a broad rejection that is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210.

As the reviewing Court, "[t]he question is not . . . whether the ALJ could have reasonably credited [claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011) (finding that substantial evidence supported the ALJ's decision to discredit claimant's pain testimony because the

testimony was inconsistent with claimant's testimony regarding his daily activities and with the records from his treating and examining physicians, showing claimant was capable of doing light work); *Dyer*, 395 F.3d at 1212 (reversing the district court's reversal of the ALJ's decision because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's pain testimony).

In his decision, the ALJ evaluated Plaintiff's subjective symptoms and gave specific reasons concerning why he found them not fully credible. The ALJ evaluated Plaintiff's testimony and allegations of pain and other symptoms in his decision. (Tr. 45–48.) The ALJ reasoned that Plaintiff's treatment record is inconsistent with her allegations. (Tr. 48.) The ALJ noted that despite Plaintiff's testimony, there "was no indication in the medical evidence of headaches lasting for a week at a time." (*Id*.) The ALJ specifically pointed to records that indicated that Plaintiff had a seventeen-year history of headaches, "yet she worked for many years despite this condition." (Tr. 48, 385, 1090–94.) The ALJ also noted that Plaintiff's medical records indicated that her headaches were much improved after surgery. (*Id*.) The ALJ further reasoned that Plaintiff's emergency room examination, which occurred one month prior to the hearing, indicated that Plaintiff had a normal gait, coordination, nerves, pulses, and range of motion. (Tr. 48, 1584.) The ALJ concluded that Plaintiff's testimony regarding her symptoms is not consistent with the medical evidence. (Tr. 48.) Plaintiff's treatment and objective evidence are appropriate considerations in evaluating Plaintiff's credibility. 20 C.F.R. § 404.1529(c)(2), (3).

Thus, the ALJ properly articulated his reasons for discrediting Plaintiff's subjective complaints of pain, devoting more than four pages of his decision to recount the medical evidence and specify how Plaintiff's subjective complaints were not fully supported by the evidence. (Tr. 25–28.) *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (finding

that an ALJ's decision is not a broad rejection when it is sufficient to enable the court to conclude that the ALJ considered the claimant's medical condition as a whole); *Leiter v. Comm'r of Soc. Sec. Admin.*, 377 F. App'x 944, 948 (11th Cir. 2010) (finding that the ALJ's credibility determination was supported by substantial evidence because the ALJ clearly articulated explicit reasons for rejecting the claimant's subjective complaints). Therefore, the ALJ properly applied the pain standard and sufficiently articulated his reasons for discrediting Plaintiff's testimony. Plaintiff's contention does not warrant reversal.

Plaintiff also makes the hypothetical argument that her symptoms of pain may affect her ability to concentrate. (Dkt. 20 at 9.) Plaintiff states that "[a]lthough the Plaintiff may not have a mental impairment which significantly affects her ability to concentrate or interact with people, this does not mean that her symptoms of pain would not significantly impact her ability to concentrate . . . or interact with people on more than a superficial basis." (*Id.*) Plaintiff points to the opinions of Dr. Veronica Nabizada and Dr. Karla Torres in which the doctors opined that Plaintiff's pain constantly interfered with her attention and concentration. (Tr. 1519–35.) However, Plaintiff's treatment notes generally fail to show any complaints of regarding concentration or social functioning, and Plaintiff's neurological examinations were largely unremarkable. (Tr. 386, 397, 689, 734, 1065–67, 1080, 1090, 1105, 1119, 1127–28, 1143, 1149, 1161–62, 1178, 1184, 1189, 1197, 1214, 1220–21, 1251, 1253, 1257, 1288, 1349, 1460, 1472, 1477, 1482, 1584.) Thus, the ALJ's credibility determination is supported by substantial evidence. *See Foote*, 67 F.3d at 1562.

B. **Opinion Evidence**

Plaintiff argues that the ALJ failed to address the opinions of Plaintiff's treating physicians regarding Plaintiff's manipulative limitations. (Dkt. 20 at 9.) Dr. Nabizada opined that Plaintiff

would have significant limitations in doing repetitive reaching, handling, or fingering and that Plaintiff can use her hands, fingers, and arms thirty percent of the time during an eight-hour workday. (Tr. 1523.) Dr. Nabizada found that Plaintiff was restricted to sedentary work due to chronic pain, fatigue, weakness, and memory loss. (Tr. 1519–24.) Likewise, Dr. Torres opined that Plaintiff would have significant limitations in doing repetitive reaching, handling, or fingering and that Plaintiff can use her hands, fingers, and arms twenty to twenty-five percent of the time during an eight-hour workday. (Tr. 1534.) Dr. Torres also concluded that Plaintiff's fatigue, headaches, dizziness, weakness, and chronic pain constantly interfered with Plaintiff's attention and concentration and restricted Plaintiff to a narrow range of sedentary work. (Tr. 1530–35.) Plaintiff also asserts that although the state agency physician opined that Plaintiff would not have manipulative limitations, that opinion was made prior to Plaintiff's July 2015 MRI. (*Id.*)

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). This standard applies equally to the opinions of treating and non-treating physicians. *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015). Importantly, however, while all medical opinions must be considered, including opinions regarding a claimant's RFC, a claimant's RFC is a decision "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2); *Denomme v. Comm'r of Soc. Sec.*, 518 F. App'x 875, 877–78 (11th Cir. 2013).

In determining the weight to afford a medical opinion, the ALJ considers the examining and treatment relationship between the claimant and doctor, the length of the treatment and the frequency of the examination, the nature and extent of the treatment relationship, the supportability and consistency of the evidence, the specialization of the doctor, and other factors that tend to

support or contradict the opinion. *Hearn v. Comm'r of Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015). The medical opinions of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2). Good cause exists when the doctor's opinion is not bolstered by the evidence, the evidence supported a contrary finding, or the doctor's opinion is conclusory or inconsistent with his or her own medical records. *Winschel*, 631 F.3d at 1179. Further, the ALJ may reject the opinion of any physician if the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

In his decision, the ALJ afforded Dr. Nabizada and Dr. Torres' opinions little weight. (Tr. 48.) The ALJ noted the doctors' opinions and reasoned that the opinions "were inconsistent with the overall medical evidence." (*Id.*) The ALJ specifically cited Plaintiff's April 2016 emergency room evaluation which reported that her strength, gait, and coordination were intact. (*Id.*) As stated above, the ALJ stated that there was no indication in the medical evidence of headaches lasting for a week, and Plaintiff worked during her seventeen-year history of headaches. (*Id.*) The ALJ also noted that Plaintiff's medical records indicated that her headaches were much improved after surgery. (*Id.*) Thus, the ALJ considered the doctors' opinion, stated that he afforded the opinions little weight, and provided reasoning for doing so. Plaintiff takes issue with the fact that the ALJ did not expressly refer to the doctors' opinions regarding Plaintiff's manipulative limitations. (Dkt. 20 at 9.) However, there is no requirement that the ALJ specifically refer to every piece of evidence from Plaintiff's medical records in her decision. *Dyer*, 395 F.3d at 1211. Rather, the district court must review the ALJ's decision and determine whether the ALJ considered the plaintiff's medical condition as a whole and also determine whether the ALJ's conclusion, as a whole, was supported by substantial evidence in the record. *Id.* (quoting *Foote*,

67 F.3d at 1561).  Substantial evidence is something "more than a mere scintilla, but less than a preponderance."  *Hale*, 831 F.2d at 1011.  Here, Plaintiff's physical examination findings between 2014 and 2016 consistently showed unremarkable musculoskeletal findings, including full strength and sensation, full range of motion, and intact fine motor movement.  (Tr. 45, 1357, 1363, 1385, 1396–97, 1399–1400, 1409, 1465, 1473, 1478, 1483, 1517, 1584.)  Thus, the ALJ's decision is supported by substantial evidence, and Plaintiff's contention does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on August 23, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record